**Opinion issued August 11, 2016**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-16-00498-CR

———————————

**MARTIN LUIS ROCHA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 0842392**

---

## MEMORANDUM OPINION

Appellant, Martin Luis Rocha, is attempting to appeal his May 8, 2001 conviction for aggravated kidnapping. Appellant filed his notice of appeal on April 8, 2016. Appellant's appointed counsel has filed a letter, advising that we have no jurisdiction over this appeal because the notice of appeal was untimely.

In a criminal case, a notice of appeal is due within thirty days after sentence is imposed or suspended in open court or after the day the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). The deadline may be extended to ninety days if the defendant timely files a motion for new trial. *See id.* at 26.2(a)(2). The deadline for filing the notice of appeal may also be extended if, within fifteen days after the date the notice of appeal is due, the appellant properly files a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 10.5(b), 26.3.

Here, the judgment of conviction was signed on May 8, 2001. Appellant's April 8, 2016 notice of appeal was filed almost fifteen years after judgment was signed. A timely notice of appeal is necessary to invoke an appellate court's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because appellant's notice of appeal was untimely, we have no jurisdiction over his appeal.

Accordingly, we dismiss this appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a); 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Brown, and Huddle.
Do not publish. TEX. R. APP. P. 47.2(b).